UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PATRICIA PARIS-ABSALOM,

                                            Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,

                                            Defendant

Case No.: 1:11-cv-00610-RRM-MDG

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

---

## I.    STATEMENT OF THE CASE

This is an action to recover Long Term Disability ("LTD") benefits following the denial of Plaintiff's claim by defendant, Aetna Life Insurance Company ("Aetna"). The suit arises under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA").

Prior to her disability the Plaintiff, PATRICIA PARIS-ABSALOM, was employed as a Flight Attendant by Delta Airlines Inc. She developed breast cancer, ultimately requiring a radical mastectomy. After extensive treatment, consisting of neoadgevent chemotherapy, surgery, and radiation she was eventually released to return to work with permanent restrictions requiring no heavy lifting with her left arm or using it to carry items for prolonged periods of time and avoidance of strenuous activity of her left arm; it was noted also that she had bilateral neuropathy in her fingertips. She continued to suffer from extreme fatigue. While last employed as a Flight Attendant she worked part-time and was earning approximately $35 an hour.

According to the administrative record, Aetna determined that although she could not resume work as a flight attendant, she could work as a waitress. Aetna also determined that such an occupation met the "reasonable wage" requirement of the Plan, requiring that the alternative

1

job pay 60% of the pre-disability salary rate. Aetna based this conclusion on the assumption that plaintiff's hourly rate of pay as a flight attendant was $13.00 an hour and thus because the waitress position paid at least $7.80 an hour the salary test was satisfied.

Among the issues in dispute in this case are (1) whether plaintiff could perform the physical demands of a waitress position consistent with medical her restrictions, and (2) whether the wage determination was erroneous.

## II.     LIMITED DISCOVERY IS APPROPRIATE IN THESE CIRCUMSTANCES

Plaintiff has served a notice of deposition on Aetna seeking the testimony of the designated representative of Aetna who is most qualified to testify regarding the reasons that Plaintiff's LTD claim was denied, including ". the basis and reasons for the determination that the positions of waitress satisfied the criteria for other available gainful employment opportunities that were within the training, experience, and skills of plaintiff; the basis for Defendant's determination that the wage rate of the waitress position satisfied the earnings standard required by the policy for establishing that it was a suitable alternative employment opportunity for Plaintiff, and other factors relied upon by Defendant in denying the LTD benefits to Plaintiff." (Exhibit "A" to declaration of Kenneth C. Absalom; hereafter "Absalom Decl." ).

By letter dated November 18, 2011 Aetna notified Plaintiff that it would not be producing any witness in response to the Deposition Notice. (Exhibit B to Absalom Decl.). Plaintiff also propounded Special Interrogatories to Aetna. Interrogatory No. 1 asked Aetna to:

> " IDENTIFY  the person who has the most knowledge of and is the most qualified to discuss the reasons that PLAINTIFF's claim for long term disability benefits was denied"

After asserting various objections Defendant did identify Jacqueline G. Barley and Illona M. Dubaldo. ( Exhibit C to Absalom Decl.).

2

Interrogatory No. 2 asked Aetna to:

" IDENTIFY the person who has most knowledge of and is most qualified to discuss the basis and reasons for the determination that the positions of waitress and any other positions Defendant identified as satisfying the criteria for other available gainful employment opportunities that were within the training, experience and skills of Plaintiff."

Again, after asserting various objections Aetna did identify Christy Freeman and Jenifer Vanderleeden. (Exhibit C to Absalom Decl.).

By this motion to compel discovery, Plaintiff seeks an order from the Court compelling Aetna to produce each of these four witnesses for deposition. The scope of such depositions being limited to the subject matter identified in the initial Notice of Deposition and Interrogatories Nos. 1 and 2.

In this case it is not disputed that the governing standard of review of the Administrator's determination of eligibility for benefits is the arbitrary and capricious standard because the Plan does reserve discretion to interpret the Plan's provisions to the Administrator. Generally speaking, under this standard the resolution of the merits of the Plan's decisions is limited to the administrative record. *Miller v. United Welfare Fund,* 72 F. 3d 1066, 1071 (2nd Cir. 1995). But where, as here, there is good cause to examine extra record evidence, as was the case in *Miller* itself, a district court may do so. Indeed, pretrial discovery in an ERISA action such as here may well be essential to assist the Court in evaluating (1) the exact nature of the information considered by the fiduciary in making the decision, (2) whether the fiduciary was competent to evaluate the information in the administrative record; (3) how the fiduciary reached its decision; and (4) whether, given the nature of the information in the record it was incumbent upon the fiduciary to seek outside technical assistance in reviewing the claim. See e.g., *Naglee v.*

*Metropolitan Life Insurance Company,* 193 F.R.D. 94, at 103; 2000 U.S.Dist. LEXIS 6564 ( W.D.N.Y. 2000).

Moreover, the Second Circuit has held that pretrial discovery may be necessary under the arbitrary and capricious standard to, for example, establish that a Fund's calculation of overpayments was not arbitrary or capricious. *Frank L. Ciminelli Construction Company Co. Inc., v. Buffalo Laborers Supplemental Unemployment Benefit Funds,* 976 F.2d 834, 835-836 ( 2nd Cir. 1992). See also, *Reittinger v. Verizon Communications Inc. and Metropolitan Life Insurance Company,* 2006 U.S. Dist. LEXIS 83293 ( N.D. N.Y., 2006). ( " In many instances it is likely that the issues regarding whether information upon which the decision makers relied is accurately reflected in the administrative record can be ascertained through limited discovery.. ."citing *Naglee, supra.*).

In the present case the basis for Aetna's decision that the waitress positions were suitable alternative jobs, within the meaning of the Plan, can only be tested by obtaining the testimony of the decision makers. At this point the Court is not called upon to decide whether such evidence will be admissible at trial -- though Plaintiff contends it clearly will be. Rather all that is being sought is an opportunity to take limited pretrial discovery to flesh out the basis set forth in the administrative record for this determination. In short, to find out whether or not that decision was in fact arbitrary and capricious. It bears empathizing that ERISA requires that a plaintiff be afforded a "fair and full review" of the claim. 29 U.S.C. Section 1131(1),(2). Whether or not Aetna provided the mandated level of review of the claim can only be established once the Court knows the full basis for the decision it made.

In sum, the arbitrary and capricious standard of review does not foreclose all pretrial discovery as Aetna apparently contends in this case. To the contrary, Plaintiff is entitled to

4

examine the factual basis and the reasons for Aetna's startling conclusion that the position of a waitress is an adequate alternative type of employment for a Flight Attendant and that this Plaintiff could perform such a physically demanding job notwithstanding the significant physical restrictions her treating oncologist and surgeon have permanently imposed on her activities.

## CONCLUSION

For all the foregoing reasons, Plaintiff must be allowed to engage in limited pretrial discovery consisting, at a minimum, of the taking of depositions of each of the witnesses who have specific information relating to the determination of her claim for LTD benefits who have been identified by Aetna in its responses to Interrogatories Nos. 1 and 2.

Dated: December 22, 2011                    Respectfully submitted,

_____
Kenneth C. Absalom (CBN 114607)
LAW OFFICE OF KENNETH C. ABSALOM
275 Battery Street, Suite 200
San Francisco, Ca. 94111
T: 415-392-5040
F: 415-392-3729

ROBERT RUSSELL (4725123)
Younkins & Schecter, LLP
420 Lexington Avenue, Suite 2050
New York, New York 10170
T: 508-762-6188

*Attorneys for Plaintiff*
PATRICIA PARIS-ABSALOM