```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
PATRICIA PARIS-ABSALOM,

                    Plaintiff,
                                                ORDER
         - against -
                                                CV 2011-0610 (RRM)(MDG)
AETNA LIFE INSURANCE COMPANY,

                    Defendant.
- - - - - - - - - - - - - - - - - -X
```

Plaintiff Patricia Paris-Absalom brings this suit against Aetna Life Insurance Company ("Aetna") challenging the denial of her long-term disability insurance benefits claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff has moved to compel defendants to produce four witnesses for depositions, to which defendant objects as being inappropriate discovery outside the administrative record.

For the following reasons, plaintiff's motion is denied.

### BACKGROUND

Plaintiff was employed by Delta Airlines, Inc. as a flight attendant. After plaintiff was diagnosed with breast cancer and underwent treatment, Aetna, which insured and administered claims for benefits under Delta's long term disability benefits plan, determined that plaintiff was no longer disabled under the terms of the plan. Aetna determined that plaintiff could work at several "reasonable occupations," including as a waitress. Aetna further determined that such occupations met the wage requirements

under the plan. The plan defined "reasonable occupation" as "any gainful activity for which you are, or may reasonably become, fitted by education, training or experience; and which results in; or can be expected to result in; an income of more than 60% of your adjusted pre-disability earnings." Declaration of Michael H. Bernstein dated January 4, 2012, Exh. D at 3, 18.

In response to plaintiff's interrogatories, Aetna identified two potential witnesses as the most knowledgeable and qualified to discuss the reasons that plaintiff's claim for long term disability benefits was denied and two potential witnesses as the most knowledgeable and qualified to discuss the basis and reasons for the determination that there were available employment opportunities that were within plaintiff's training, experience and skills. See Defendant's Response to Plaintiff's Special Interrogatories (Plaintiff's Interrogatories) attached as Exh. C to Declaration of counsel Kenneth C. Absalom (ct. doc. 28-3). Plaintiff now seeks an order compelling Aetna to produce these four witnesses for deposition to inquire as to the basis for Aetna's decision that plaintiff was able to perform the position of waitress and the determination of plaintiff's wage rate under the plan.

### DISCUSSION

Since the parties agree that the plan confers discretion upon the administrator to interpret the plan provisions,[1] review

---

[1] See Plaintiff's Memorandum of Law (ct. doc. 27) at 3; Defendant's Memorandum of Law (ct. doc. 30) at 3.

of the denial of benefits here is governed by the arbitrary and capricious standard. See Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009). In light of this deferential standard, the Second Circuit has acknowledged that there is a presumption that "reviews are limited to reviewing the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." Schrom v. Guardian Life Ins. Co. of America, 2012 WL 28138, at *3 (S.D.N.Y. 2012) (quoting Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995) and citing cases). Good cause for the court to consider evidence outside the record may be establish in situations where the administrator operated under a conflict of interest. See Lane v. The Hartford, 2006 WL 3292463, at *2 (S.D.N.Y. 2006). However, "the standard for permitting discovery to supplement the administrative record in an ERISA case is far less stringent than the standard for actually considering that outside evidence when reviewing the decision of the Plan Administrator, under either the de novo or the 'arbitrary and capricious' standard." Ramsteck v. Aetna Life Ins. Co., 2009 WL 1796999, at *8, n. 3 (E.D.N.Y. 2009) (citation omitted). Courts in this Circuit have set differing standards as to the showing required before a plaintiff challenging a disability determination is entitled to discovery. See Joyner v. Continental Cas. Co., 837 F.Supp.2d 233, 240-41 (S.D.N.Y. 2011). The approaches have ranged from the view that the Supreme Court decision in Met. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008) has

-3-

abrogated any limitations on discovery to a requirement that there be a showing that there is a "reasonable chance that the requested discovery will satisfy the good cause requirement." Joyner, 837 F. Supp.2d 240-41 (discussing inter alia, Hogan-Cross v. Met. Life Ins. Co., 568 F.Supp.2d 410, 415 (S.D.N.Y. 2008) (no limitations on discovery) and Baird v. Prudential Ins. Co. of Am., 2010 WL 3743839, at *8 (S.D.N.Y. 2010) ("reasonable chance" standard")).

Whether plaintiff's requests are considered under the more lenient ordinary discovery standard or "reasonable chance" standard, plaintiff has not demonstrated that the discovery she seeks "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). She only states that she needs the discovery to "flesh out" the basis for Aetna's decision and to determine whether plaintiff was afforded the requisite "fair and full review" of her claim. Pl.'s Mem. at 4. Put simply, plaintiff seeks discovery as to whether Aetna acted in 'an arbitrary and capricious manner." Pl.'s Reply at 4. However, the reasonableness of the administrator's decision is not an issue that courts will permit evidence beyond the administrative record. See Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 174 (2d Cir. 2001); McDonnell v. First Unum Life Ins. Co., 2011 WL 5301588, at *3 (S.D.N.Y. 2011); Trussel v. Cigna Life Ins. Co. of N.Y., 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008); Lane, 2006 WL 3292463, at *2 (denying discovery where plaintiff failed to allege the existence of a conflict of interest).

In her reply papers, plaintiff mentions for the first time that "Plaintiff can only through the use of discovery address the possible conflicts of interest in the relationship between Concentra, Ms. Vanderleeden and Aetna."  Pl.'s Reply at 5.  Defendant apparently referred to Labor Market Survey reports prepared by Concentra Integrated Services Vocational Case Manager Jennifer Vanderleeden in its response to Plaintiff's Interrogatory 2.  Other than submitting defendant's interrogatory answers and her one sentence passing reference to a conflict of interest, plaintiff has not explained how the proposed discovery is aimed at eliciting information that the defendant was influenced by a conflict of interest.  In fact, in her notice of deposition, plaintiff seeks to depose a designated representative of defendant "who is qualified to testify regarding the reasons that PLAINTIFF'S claim for Long Term Disability ("LTD") benefits was denied; the basis and reasons for the termination that the positions of waitress satisfied the criteria for other available gain employment opportunities ...; the bass for Defendant's determination that the wage rate of the waitress position satisfied the earnings standard required b the policy ...."  See Exh. B attached Absalom Decl. (ct. doc. 28-2).  None of these topics has any bearing on any purported conflict of interest.

In any event, "[i]t is well-established that a conflict of interest does not per se constitute 'good cause' for discovery of evidence outside of the administrative record, and while a full good cause showing is not required to obtain discovery, 'a party

-5-

seeking to conduct discovery outside the administrative record must allege more than a mere conflict of interest.'" Baird, 2010 WL 3743839, at *9 (internal citations omitted). Plaintiff does not seek any discovery to ascertain the completeness of the administrative record. Klecher v. Metropolitan Life Ins. Co., WL 21314033 at 7-8 (S.D.N.Y. 2003) (discussing Nagele v. Elec. Data Sys. Corp., 193 F.R.D. 94, 103 (W.D.N.Y. 2000)). Nor does she raise any procedural irregularity. See Yasinoski v. Connecticut General Life Ins. Co., 2009 WL 3254929 (E.D.N.Y. 2009) (requiring showing of factors in addition to structural conflict such as lack of written procedures or other insufficient procedures giving rise to "greater opportunities for conflicts of interest to be exacerbated") (citing Locher v. Unum Life Insurance Company of America, 389 F.3d 288 (2d Cir. 2004)). Although plaintiff seeks depositions of Concentra personnel, she does not point to evidence suggesting that a conflict influenced the preparation of the reports. To be sure, the Concentra reports have been produced as part of the administrative record and the reasonableness of Aetna's reliance on the reports will be reviewed by the Court. Since plaintiff has presented no argument, let alone evidence, that the data and conclusions in the reports are flawed, her disagreement with any use of the reports by plaintiff does not suffice to show there is a "reasonable chance" that discovery would yield pertinent information. Cf. Joyner, 837 F.Supp.2d at 241-42 ("Absent evidence of a flawed medical opinion, it is not clear why alleged

-6-

peer reviewer bias should be imputed as a conflict of interest to the insurance company"). Plaintiff's conclusory allegation of a "possible" conflict of interest is insufficient to justify the discovery sought. In short, plaintiff is not entitled to discovery since she has not shown "that (1) such a conflict of interest actually existed, or (2) a conflict of interest actually influenced [defendant's] determination of Plaintiff's claim." Yanoski, 2009 WL 3254929 at *12.

Last, insofar as plaintiff is seeking to compel the deposition of Jennifer Vanderleeden, a Concentra Integrated Services employee, the motion is denied for the separate reason that she is not an employee of Aetna nor is there any basis to conclude that she is under the control of Aetna. Fed. R. Civ. P. 30(b)(1).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is denied without prejudice.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 17, 2012

                                        /s/
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE